IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-___

**IAN FUTCH, Individually and on Behalf
of All Others Similarly Situated,**

    Plaintiff,

v.

**COLORADO WEST REGIONAL MENTAL HEALTH, INC. (dba MIND SPRINGS HEALTH, INC.) and COLORADO WEST, INC. (dba MIND SPRINGS, INC.),**

    Defendants.

---

ORIGINAL COMPLAINT—COLLECTIVE AND CLASS ACTION

---

Plaintiff Ian Futch, on behalf of himself and all others similarly situated, alleges against Defendants Colorado West Regional Mental Health, Inc. (doing business as "Mind Springs Health, Inc.") and Colorado West, Inc. (doing business as "Mind Springs, Inc.") (collectively "Defendants"), as follows:

### I.    PRELIMINARY STATEMENT

1.    This collective and class action seeks relief from Defendants' willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*., Colorado Minimum Wage Order Number 35, 7 Colo. Code Regs. § 1103-1(4), and the Colorado Wage Claim Act, Colo. Rev. Stat. Ann. § 8-4-109.

2. Defendants provide mental & behavioral health services across twelve locations in Colorado.[1]

3. Defendants paid Plaintiff and other hourly-paid employees hourly rates of pay as well as "Cost of Living" payments.

4. "Cost of Living" payments must be included in hourly-paid employees' "total remuneration" used to calculate regular and overtime rates of pay.

5. Defendants failed to include the "Cost of Living" payments to Plaintiff and other hourly-paid employees as part of their total remuneration, which reduced the amounts Defendants calculated as their regular and overtime rates of pay, in violation of the FLSA. *See* 29 U.S.C. § 207(a)(1) (providing that hours worked in excess of 40 in a workweek must be paid "at a rate not less than one and one-half times the regular rate….").

6. The FLSA Collective is made of all persons who, at any time within the three years preceding the commencement of this action, are or were hourly-paid employees of either Defendant, worked in the United States, and received overtime compensation and "Cost of Living" payments in the same workweek.

7. The Colorado Rule 23 Class is made up of all persons who, at any time within the two years preceding the commencement of this action, are or were hourly-paid employees of either Defendant, worked in Colorado, and received overtime compensation and "Cost of Living" payments in the same workweek.

---

[1] See Defendants' website: https://www.mindspringshealth.org/about/ (Last Accessed November 4, 2020).

4

8. Plaintiff seeks relief on behalf of the FLSA Collective and Rule 23 Class in the form of all unpaid overtime wages owed, plus liquidated damages, penalties, interest, attorneys' fees, and costs.

## II.   THE PARTIES

9. Individual and Representative Plaintiff Ian Futch is a resident of Breckenridge, Colorado.

10. Plaintiff was employed by Defendants as a Peer Specialist from approximately September 24, 2019 through June 24, 2020 and was paid an hourly rate of $16 an hour.

11. Plaintiff worked at Defendant's Frisco, Colorado location.

12. Defendant Colorado West Regional Mental Health, Inc. (doing business as "Mind Springs Health, Inc.") is a corporation organized under the laws of Colorado, with a principal business office located at 6916 HWY 82, Glenwood Springs, Colorado 81601 and registered agent for service of process Sharon Raggio, 515 28 3/4 Rd Bldg A, Grand Junction, CO 81501.

13. Defendant Colorado West, Inc. (doing business as "Mind Springs, Inc.") is a corporation organized under the laws of Colorado, with a principal business office located at 515 28 3/4 Rd Bldg A, Grand Junction, CO 81501 and registered agent for service of process Sharon Raggio, 515 28 3/4 Rd Bldg A, Grand Junction, CO 81501.

## III.   JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this case is brought under the FLSA.

15. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

16. Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1391(b)(1) and (2), because Defendants reside in this district and because a substantial part of the events giving rise to the claims set forth herein occurred in this district.

## IV. **FACTUAL ALLEGATIONS**

17. Defendants were the "employers" of Plaintiff and other hourly-paid employees within the meaning of the FLSA, 29 U.S.C. § 203(d).

18. Defendants are an enterprise whose annual gross volume of sales made or business done exceeds $500,000.

19. Defendants are an enterprise that has had employees engaged in commerce or in the production of goods for commerce, and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

20. Hourly-paid employees' primary duties did not fall within any exemptions to overtime pay under the FLSA or Colorado law.

21. Defendants paid hourly-paid employees an hourly rate of pay.

22. Defendants paid hourly-paid employees "Cost of Living" payments.

23. Defendants suffered and permitted hourly-paid employees to work more than forty (40) hours per week.

24. Defendants were aware, or should have been aware, that hourly-paid employees were regularly working in excess of forty (40) hours in a workweek.

25. As a non-exempt employee, Plaintiff and other hourly-paid employees were entitled to full compensation for all overtime hours worked at a rate of 1.5 times their "regular rate" of pay.

26. Under FLSA, the regular rate is the "keystone" to calculating the overtime rate. *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419 (1945). It is "the hourly rate actually paid the employee for the normal, nonovertime workweek for which he is employed." 29 C.F.R. § 778.108.

27. No matter how an employee is paid—whether by the hour, by the piece, on a commission, or on a salary—the employee's compensation must be converted to an equivalent hourly rate from which the overtime rate can be calculated. 29 C.F.R. § 778.109. "The regular hourly rate of pay is determined by dividing the employee's total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by the employee in that workweek for which such compensation was paid." *Id.*

28. There is a statutory presumption that remuneration in any form must be included in the regular rate calculation. The burden is on Defendants to establish that any payment should be excluded. *Madison v. Resources for Human Dev. Inc.*, 233 F.3d 187 (3rd Cir. 2000). Thus, determining the regular rate starts from the premise that all payments made to Plaintiffs for work performed are included in the base calculation unless specifically excluded by statute.

29. Once the total amount of an employee's "regular" compensation is deduced, "the determination of the regular rate becomes a matter of mathematical computation."

*Walling*, 325 U.S. at 425. The regular rate must be expressed as an hourly rate because, although any method of compensating an employee is permitted, the FLSA imposes its overtime requirements in terms of hourly wages. Thus, if necessary, an employer must convert an employee's wages to rate per hour to determine compliance with the statute.

30. Plaintiff's and other hourly-paid employees' "total remuneration" included not only their hourly pay, but also their "Cost of Living" payments.

31. However, Defendants failed to incorporate "Cost of Living" payments made to Plaintiff and other hourly-paid employees into the calculations of their regular hourly rates, which caused them to receive overtime rates that were less than one and one-half times their regular rates.

32. Defendants have willfully and intentionally committed widespread violations of the above-described statutes and corresponding regulations, in the manner described herein.

## V.   COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff brings this action on behalf of himself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b) (the "FLSA Collective"):

> All persons who, at any time within the three years preceding the commencement of this action, are or were hourly-paid employees of either Defendant, worked in the United States, and received overtime compensation and "Cost of Living" payments in the same workweek.

34. Plaintiff and other members of the FLSA Collective regularly worked in excess of forty (40) hours in a workweek.

35. Defendants failed to include Plaintiff's and members of the FLSA Collective's "Cost of Living" payments in the determination of their "regular rate of pay," for purposes of calculating their hourly overtime rate.

36. As a result, Defendants failed to pay Plaintiff and other members of the FLSA Collective overtime pay for hours worked in excess of forty (40) in a workweek at a rate not less than time-and-a-half (1.5) of their regular rate of pay.

37. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective.

38. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and other members of the FLSA Collective, and as such, notice should be sent to the members of the FLSA Collective. There are numerous similarly situated current and former hourly-paid employees of Defendants who have been denied overtime pay for hours worked in excess of forty (40) in a workweek at a rate not less than time-and-a-half (1.5) of their regular rate of pay in violation of the FLSA, who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

### VI.   COLORADO CLASS ACTION ALLEGATIONS

39. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

40. Plaintiff brings all claims alleged herein under Colorado law as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP") on behalf of all members of the Colorado Rule 23 Class:

> All persons who, at any time within the two years preceding the commencement of this action, are or were hourly-paid employees of either Defendant, worked in Colorado, and received overtime compensation and "Cost of Living" payments in the same workweek.

41. <u>Numerosity</u>: The Proposed Colorado Rule 23 Class is so numerous that joinder of all members is impracticable. Plaintiff is informed and believes, and on that basis alleges, that during the relevant time period, Defendants employed over forty (40) hourly-paid employees in Colorado who satisfy the definition of the Colorado Rule 23 Class. The names and addresses of the Colorado Rule 23 Class Members are available to the Defendants. Notice can be provided to Colorado Rule 23 Class members via first-class mail and/or e-mail using techniques and a form of notice similar to those customarily used in class action lawsuits of this nature.

42. <u>Typicality</u>: Plaintiff's claims are typical of the Colorado Rule 23 Class Members. Plaintiff, like other Colorado Rule 23 Class Members, was subjected to Defendant's common, unlawful policies, practices, and procedures. The claims of Plaintiff are typical of the claims of the Colorado Rule 23 Class Members for whom Defendants failed to include their payment for personal expenses in the determination of their "regular rate of pay," for purposes of calculating their hourly overtime rate. Defendants' common course of unlawful conduct has caused Plaintiff and similarly situated Colorado Rule 23 Class Members, to sustain the same or similar injuries and damages caused by the same practices of Defendants including not receiving overtime compensation. Plaintiff's claims

are thereby representative of and co-extensive with the claims of the Colorado Rule 23 Class Members.

43.     <u>Adequacy:</u> Plaintiff is a member of the Colorado Rule 23 Class, does not have any conflicts of interest with other Colorado Rule 23 Class Members, and will prosecute the case vigorously on behalf of the Colorado Rule 23 Class. Plaintiff will fairly and adequately protect the interests of the Colorado Rule 23 Class Members. Plaintiff has retained counsel competent and experienced in complex class actions, and federal and Colorado wage and hour litigation.

44.     <u>Superiority:</u> A class action is superior to other available methods for the fair and efficient adjudication of this controversy, particularly in the context of wage and hour litigation where individual Plaintiff lacks the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants, and fear of retaliation and blackballing in their industry. Prosecuting dozens of identical individual lawsuits statewide does not promote judicial efficiency, equity, or consistency in judicial results.

45.     <u>Commonality for the Class:</u> There are questions of law and fact common to Plaintiff and the Colorado Rule 23 Class Members that predominate over any questions affecting only individual members of the class. These common questions of law and fact include, without limitation:

(a)     Whether Defendants maintained a policy or practice of failing to include hourly-paid employees' payment for personal expenses in the determination of their "regular rate of pay," for purposes of calculating their hourly overtime rate;

11

(b)     Whether Defendants employed Colorado Rule 23 Class Members in a position subject to, and not exempt from, Colorado overtime pay requirements;

(c)     Whether Defendants knew or should have known that its Colorado Rule 23 Class Members regularly worked over forty hours per week;

(d)     Whether Defendants failed to pay its Colorado Rule 23 Class Members overtime wages for time worked in excess of forty hours per week at a rate not less than time-and-a-half (1.5) of their regular rate of pay;

(e)     Whether Defendants have violated Colorado Minimum Wage Order Number 35, 7 Colo. Code Regs. § 1103-1(4) by their failure to pay Colorado Rule 23 Class Members overtime compensation at a rate not less than time-and-a-half (1.5) of their regular rate of pay;

(f)     Whether Defendants' actions were willful;

(g)     The proper formula for calculating damages owed to Plaintiff and the Colorado Rule 23 Class alleged herein.

46.     This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

47.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Proposed Colorado Rule 23 Class

12

predominate over any questions affecting only individual members of the Proposed Colorado Rule 23 Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the Proposed Colorado Rule 23 Class members the overtime pay to which they are entitled. The damages suffered by the individual Proposed Colorado Rule 23 Class members are small compared to the expense and burden of individual prosecution of this litigation especially in light of the overtime wage claims asserted on behalf of the Proposed Colorado Rule 23 Class. Proposed Colorado Rule 23 Class members fear workplace retaliation and being "blackballed" from obtaining future employment. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

48.     Plaintiff intends to send notice to all members of the Proposed Colorado Rule 23 Class to the extent required by Rule 23. The names, e-mail addresses, and mailing addresses of the members of the Proposed Colorado Rule 23 Class are available from Defendants.

## COUNT I

### (Brought Individually and as a Collective Action Pursuant to 29 U.S.C. § 216(b)) Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

### FAILURE TO PAY WAGES FOR ALL OVERTIME HOURS AT THE PROPER RATE

49.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

50.     29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which she is employed.

51. Plaintiff and the FLSA Collective members regularly worked more than forty (40) hours per workweek.

52. Defendants failed to properly pay Plaintiff and the FLSA Collective members overtime wages at a rate not less than one and one-half (1.5) times their regular rate of pay for all hours they worked in excess of forty (40) per workweek.

53. Defendants' conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

54. Because Defendants willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

55. As a result of Defendants' uniform and common policies and practices described above, Plaintiff and the FLSA Collective members were illegally deprived of overtime wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

## **COUNT II**

### **(Brought Individually and as a Class Action Pursuant to Fed. R. Civ. P. 23)**
### **Violations of Colorado Minimum Wage Order**
### **Number 35, 7 Colo. Code Regs. § 1103-1(4)**

### **FAILURE TO PAY WAGES FOR ALL OVERTIME HOURS AT THE PROPER RATE**

56. Plaintiff re-alleges and incorporates all previous paragraphs herein.

57. Plaintiff and the Rule 23 Class members regularly worked more than forty (40) hours per workweek.

58. Defendants failed to properly pay Plaintiff and the Rule 23 Class members overtime wages at a rate of not less than one and one-half (1.5) times their regular rate of pay for all hours they worked in excess of forty (40) per workweek.

59. Defendants' conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

60. Because Defendants willfully violated the Colorado Minimum Wage Order, a three (3) year statute of limitations shall apply to such violations.

61. As a result of Defendants' uniform and common policies and practices described above, Plaintiff and the Rule 23 Class members were illegally deprived of overtime wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, reasonable attorneys' fees, costs and other compensation pursuant to Colo. Rev. Stat. § 8-6-118.

## COUNT III

### (Brought Individually and as a Class Action Pursuant to Fed. R. Civ. P. 23) Violations of Colorado Wage Claim Act, Colo. Rev. Stat. Ann. § 8-4-109

### FAILURE TO PAY WAGES FOR ALL OVERTIME HOURS AT THE PROPER RATE

62. Plaintiff re-alleges and incorporates all previous paragraphs herein.

63. The CWCA defines wages as "all amounts for labor or service performed by employees . . . if the labor or service to be paid for is performed personally by the person demanding payment." C.R.S. § 8-4-101(9).

64. Under the CWCA, if an employee has been terminated, or quits or resigns from employment with unpaid wages remaining due, then that employee may submit a written demand for wages due. Colo. Rev. Stat. § 8-4-109(3)(a).

65. An employee is entitled to certain statutory penalties under CWCA if the employer does not make a legal tender of such wages in response to the written demand. Id. at § 109(3)(b).

66. If the employer makes a "a legal tender of the amount that the employer in good faith believes is due," then the employer is exempted from statutory CWCA penalties in most circumstances. Id. at § 109(3)(a.5).

67. Defendants terminated Plaintiff's employment on or around June 24, 2020.

68. At the time of his termination, Plaintiff was owed unpaid overtime wages as a result of the violations of the FLSA and Colorado Minimum Wage Order alleged herein.

69. On September 18, 2020, the undersigned firm served a written demand on behalf of Plaintiff and the Rule 23 Class, seeking their unpaid overtime wages.

70. Defendants have not made a legal tender of the unpaid overtime wages claimed in Plaintiff's written demand.

71. As a result of Defendants' violations of the CWCA, Plaintiff and the Rule Class are entitled to their unpaid overtime wages, as well as civil penalties, reasonable attorneys' fees, and costs pursuant to Colo. Rev. Stat. § 8-4-109.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Ian Futch, on behalf of himself and the Proposed Class and Collective, requests judgment and the following specific relief against Defendants as follows:

(A)     A declaratory judgment that Defendants' wage practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(B)     A declaratory judgment that Defendants' wage practices alleged herein violate the Colorado Minimum Wage Order Number 35, 7 Colo. Code Regs. § 1103-1(4);

(C)     Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

(D)     Certifying this action as a class action pursuant to Fed R. Civ. P. 23 with respect to the Colorado claims set forth herein;

(E)     Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all members of the FLSA Collective and Colorado Rule 23 Class;

(F)     Authorizing Plaintiff's counsel to send notice(s) of this action to all members of the FLSA Collective and Colorado Rule 23 Class, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA collective members of their rights by law to join and participate in this lawsuit;

(G)     Designating Plaintiff as the representative of the FLSA Collective and Colorado Rule 23 Class in this action;

(H) Designating the undersigned counsel as counsel for the FLSA Collective and Colorado Rule 23 Class in this action;

(I) Judgment for damages for all unpaid overtime compensation and liquidated damages to which Plaintiff and the members of the FLSA Collective are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(J) Judgment for damages for all unpaid overtime compensation and penalties to which Plaintiff and the members of Colorado Rule 23 Class are lawfully entitled under the Colorado Minimum Wage Order Number 35, 7 Colo. Code Regs. § 1103-1(4), Colo. Rev. Stat. § 8-6-118, and/or the CWCA, Colo. Rev. Stat. § 8-4-109;

(K) An incentive award for the Plaintiff for serving as representative of the FLSA Collective and Colorado Rule 23 Class in this action;

(L) Awarding reasonable attorneys' fees and costs incurred by Plaintiff in this action as provided by the FLSA and Colo. Rev. Stat. § 8-6-118; and

(M) Judgment for any and all civil penalties to which Plaintiff and the members of the FLSA Collective and Colorado Rule 23 Class may be entitled; and

(N) Such other and further relief as to this Court may deem necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Ian Futch, individually and on behalf of all others similarly situated, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal

Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled cause.

Dated: January 8, 2021              RESPECTFULLY SUBMITTED,

                            By:   /s/ Lotus Cannon
                                  Lotus Cannon
                                  Jason T. Brown
                                  Nicholas Conlon
                                  BROWN, LLC
                                  111 Town Square Place, Suite 400
                                  Jersey City, NJ 07310
                                  T: (877) 561-0000
                                  F: (855) 582-5297
                                  lotus.cannon@jtblawgroup.com
                                  jtb@jtblawgroup.com
                                  nicholasconlon@jtblawgroup.com

                                  *Attorneys for Plaintiff and the
                                  Putative Collective and Class*