IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-00046-SKC

IAN FUTCH, Individually and on Behalf
of All Others Similarly Situated,

      Plaintiff,

v.

COLORADO WEST REGIONAL MENTAL HEALTH, INC. (dba MIND SPRINGS HEALTH, INC.) and COLORADO WEST, INC. (dba MIND SPRINGS, INC.),

      Defendants.

---

### Joint Motion for Approval of FLSA Settlement Agreement

---

COME NOW the parties to request Court approval of a proposed settlement of Plaintiff's Fair Labor Standards Act ("FLSA") claims. In support, the parties state:

### STANDARD FOR APPROVAL

The primary purpose of the FLSA was to protect "employees who lacked sufficient bargaining power to secure for themselves a minimum subsistence wage." *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, 707 n. 18 (1945). To prevent employers from taking advantage of employees seeking damages for unpaid overtime premiums or minimum wages, "when employees file suit against their employer to recover back wages under the FLSA, the parties must present any proposed settlement to the district court for review and a determination of whether the settlement agreement is fair and reasonable." *Albu v. Delta Mechanical Inc.,* No

1

13-cv-03087, 2015 WL 4483992 at *2 (D. Colo. June 30, 2015). "Requiring court approval of FLSA settlements effectuated the purpose of the statute, which to 'protect certain groups of the population from substandard wages and excessive hours… due to the unequal bargaining power as between employer and employee.'" *Baker v. Vail Resorts Mgmt. Co.,* No. 13-CV-01649-PAB-CBS, 2014 WL 700096, *1 (D. Colo. Feb. 24, 2014) (citing *Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 706 (1945)).

To approve a compromise settlement, the Court must find that (1) litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties concerned, and (3) the proposed settlement contains a reasonable award of attorneys' fees. *Baker,* 2014 WL at *1. Because all three elements are satisfied here, the Parties respectfully request that the proposed settlement be approved.

1.    **This Action Involves a Bona Fide Dispute, and the Settlement Agreement Provides for Full Recovery.**

Parties requesting approval of a compromise of claims brought under the FLSA must provide the Court with sufficient information to determine whether a bona fide dispute exists justifying the compromise. *Id.* (citing *Dees v. Hydradry, Inc.,* 706 F.Supp.2d. 1227, 1234, (M.D.Fla. 2010)). Where no bona fide dispute exits, the parties may not compromise a plaintiff's entitlement to recovery of her full actual damages, liquidated damages and a reasonable attorney fee. *Dees,* 706 F. Supp. 2d at 1236 (citing *Lynn's Food Stores, Inc v. United States,* 679 F. 2d 1350, 1354 (11th Cir. 1982) ("If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back

wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.").

Parties seeking approval of an FLSA settlement may establish that a bona fide dispute exists by presenting the following: "(1) a description of the nature of the dispute; (2) a description of the employer's business and the type of work performed by the employees; (3) the employer's reasons for disputing the employees' right to a minimum wage or overtime; (4) the employees' justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage." *Baker,* 2014 WL at *1.

Here, a bona fide dispute exists as the Defendants dispute the Plaintiff's claims regarding the Defendants' failure to pay Plaintiff overtime wages at the proper hourly rate. Specifically, Plaintiff alleges that Defendants failed to include the "Cost of Living" payments as part of the Plaintiff's total remuneration when calculating Plaintiff's overtime rate of pay, so Plaintiff was not fully compensated for overtime hours worked. *See* Original Complaint – Collective and Class Action, ¶¶ 3-5; Scheduling Order, p. 2. Defendants deny that they engaged in any unlawful pay practices. *See* Scheduling Order, p. 2.

Finally, this case has not yet been certified for class treatment. Defendants dispute that all employees are similarly situated. For example, Plaintiff cannot establish that Defendants subjected Plaintiff and other employees to the same or similar unlawful pay practice during the applicable statute of limitations. Failure of the class would create additional burdens upon

individual Plaintiff and could decrease the likelihood of individual Plaintiff' recovery.

For these reasons, the parties submit that the bona fide dispute in this case justifies the parties' compromise.

**2.      The Proposed Settlement is Fair and Equitable to All Parties.**

Although the overtime rate of pay is in dispute, the Parties' proposed settlement agreement provides Plaintiff 100% of the overtime wages possible with the "Cost of Living" payments included in the overtime rate and for all overtime hours recorded by Plaintiff using Defendants' timekeeping system. Defendants were prepared to offer at trial evidence that the correct overtime rate for Plaintiff's overtime wages was considerably lower.

The proposed agreement also provides Plaintiff 100% of his potential liquidated damages. Because the parties dispute whether Defendants acted in good faith, a defense that could result in an award of no liquated damages, Plaintiff agrees that this number is fair and equitable to the parties. *See* 29 U.S.C. § 260; *Renfro v. City of Emporia, Kan.*, 948 F.2d 1529, 1540 (10th Cir. 1991), *citing Doty v. Elias*, 733 F.2d 720,725 (10th Cir. 1984).

Finally, the agreement provides for the full amount of legal fees and costs for Plaintiff's counsel, $16,750.00 to date.   Plaintiff and Defendants agree that their settlement of this case represents a fair and reasonable resolution to their disputes. Courts consider the following factors when determining whether an FLSA settlement is fair and reasonable and should be approved:

> (1) whether the parties fairly and honestly negotiated the settlement; (2) whether serious questions of law and fact exist which place the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted litigation; and (4) the judgment of the

parties that the settlement is fair and reasonable.

*Baker*, 2014 WL at *2 (citing *Rutter & Wilbanks Corp v. Shell Oil Co*., 314 F .3d 1180, 1188 (10th Cir. 2002)).

Here, Plaintiff, through his counsel, and Defendants, through their counsel, engaged in negotiations regarding Defendants' liability and Plaintiff's damages. Further, serious factual disputes, including (1) the inclusion of the "Cost of Living" payments in the calculation of overtime rates; (2) whether Plaintiff and other employees are similarly situated, and (3) whether Defendants' good faith actions would prevent an award of liquidated damages. The parties negotiated their settlement at arm's length and in good faith. Because it is impossible to predict how a trier of fact would decide the parties' bona fide disputes, the parties wish to avoid the burdens and uncertainties of litigation relating to the Plaintiff's claims. Although the claim is disputed, the Agreement provides for a full recovery of Plaintiff's alleged actual damages, plus 100% of their potential liquidated damages, plus full recovery of reasonable attorney fees and costs. For these reasons, it is the opinion of the parties that the settlement is fair and reasonable.

To find that an FLSA settlement is fair and reasonable, the Court must also determine whether the settlement agreement undermines the purpose of the FLSA, which is to protect employee rights from employers who generally wield superior bargaining power. *Baker,* 2014 WL at *2. To determine whether a settlement agreement complies with the FLSA, courts look at the following factors: (1) presence of other similarly situated employees; (2) likelihood that plaintiff's circumstances will recur; and (3) whether defendants had a history of non-compliance with the FLSA. *Baker,* 2014 WL at *2. (*citing Dees v. Hydradry, Inc.,* 706 F.

Supp. 2d 1227, 1244 (M.D. Fla. 2010)).

Defendants already changed the pay practice in question. Also, without admitting liability, Defendants paid in full all employees who both received a "Cost of Living" payment and worked overtime hours during the preceding three years. There is no evidence that Defendants' alleged failure to comply with the FLSA represents a continuing pattern of unlawful conduct or that Defendants had a history of non-compliance with the FLSA. For these reasons, the parties submit that the settlement will not contravene the policies of the FLSA.

**3.     The Proposed Settlement Include a Reasonable Attorney Fee.**

The district court must "review the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Dees,* 706 F. Supp. 2d at 1243. "To determine the reasonableness of a fee request, a court must begin by calculated the 'lodestar amount', which represent the number of hours reasonable expended multiplied by a reasonable hourly rate." *Baker,* 2015 WL at *3 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The lodestar amount may be adjusted based upon several factors, including the amount in controversy, the length of time required to represent the client effectively, the complexity of the case, the value of the legal services to the client, awards in similar cases, and the degree of success achieved. *Baker*, 2014 WL at *3.

FLSA attorney fee awards are contingent on a successful litigation outcome. Such "contingency fees provide access to counsel for individuals who would otherwise have difficulty obtaining representation… and transfer a significant portion of the risk of loss to the

6

attorneys taking a case. Access to the courts would be difficult to achieve without compensating attorneys for that risk." *Capsolas v. Pasta Res. Inc.,* 10-CV-5595 RLE, 2012 WL 4760910 (S.D.N.Y. Oct. 5, 2012) (internal citation omitted). Many individual litigants, including Plaintiff here, "cannot afford to retain counsel at fixed hourly rates… yet they are willing to pay a portion of any recovery they may receive in return for successful representation." *Id.*

Plaintiff here has recovered all the overtime wages and the maximum liquated damages he could hope to recover had the case proceeded through trial and had he prevailed completely on his claim. Thus, Plaintiff achieved a high degree of success. Further, the parties agree that their settlement addresses Plaintiff's recovery separately from, and independently of, attorney fees considerations. The parties agree that Plaintiff's recovery was not influenced by the issue of attorney fees.

The settlement provides for a total payment to Plaintiff' counsel of $16,750.00 in legal and staff fees and costs. The parties submit, as Exhibit 1, the attached declaration from Plaintiff's counsel showing that as of January 14, 2022, counsel for Plaintiff and his staff spent 53.26 of attorney time at rates varying from $250 - 600 per hour and 9.1 of paralegal/legal assistant time at $125 per hour litigating and negotiating the resolution of this case, resulting in a lodestar of $16,437.50. In addition, Plaintiff accrued $717.65 in costs.  These hourly attorney rates are well within the range of rates approved by courts in other FLSA cases in this District. *See Porter v. BASF Corp.*, 19-cv-01352-KLM, 2021 U.S. Dist. LEXIS 184009, at *9 (D. Colo. Sep. 27, 2021) (approving rate of $300 per hour for associates); *Blanco v. Xtreme Drilling & Coil Servs.*, 16-cv-00249-PAB-SKC, 2020 U.S. Dist. LEXIS 126155, at *17-18 (D.

Colo. July 17, 2020) (approving rate of $550 per hour).

The parties agree that Plaintiff's fees and costs in the amount of $16,750.00 is reasonable.

WHEREFORE, the parties respectfully request that this Court enter the acted proposed Order granting the instant Joint Motion for Court Approval of Settlement, approving the terms of the Parties' agreements, entering a stipulated judgment in this case, and granting any further relief the Court deems just and proper.

Dated this 20th day of January 2022.

                                    BECHTEL & SANTO

                                    s/ Molly K. Reinhardt
                                    Michael C. Santo, #24083
                                    Molly K. Reinhardt, #54046
                                    205 N. 4th Street, Suite 401
                                    Grand Junction, CO 81501
                                    Telephone: (970) 683-5888
                                    Facsimile: (970) 683-5887
                                    santo@bechtelsanto.com
                                    reinhardt@bechtelsanto.com
                                    Attorneys for Defendants

                                    BROWN, LLC

                                    s/ Nicholas Conlon
                                    Nicholas Conlon
                                    Jason T. Brown
                                    111 Town Square Place, Suite 400
                                    Jersey City, NJ 07310
                                    Telephone: (877) 561-0000
                                    Facsimile: (855) 582-5297
                                    jtb@jtblawgroup.com
                                    nicholasconlon@jtblawgroup.com
                                    *Attorneys for Plaintiff*

                                    8

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing **Joint Motion for Approval of Settlement Agreement** was served this 20th day of January 2022, via the CM/ECF electronic filing system, to the following:

Nicholas Conlon
Jason T. Brown
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
Telephone: (877) 561-0000
Facsimile: (855) 582-5297
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com
*Attorneys for Plaintiff*

*s/ Molly Reinhardt*
Molly Reinhardt, Attorney

9